## Commonwealth v. Maselli

*John V. Wherry*, for the Commonwealth.
*Martin E. Cusick*, for defendant.

ROWLEY, P. J., May 15, 1945.—This matter is before the court upon an appeal by James Maselli from an order of the Secretary of Revenue suspending the license of appellant to operate a motor vehicle.

The original hearing before this court was had on April 12, 1943. At that time the power of the court to disturb a suspension by the Secretary of Revenue was under challenge by the Commonwealth. It was then the contention of the latter that the authority of the court upon appeal was to determine only whether the violation, upon which the order of suspension rested, had occurred. If a violation appeared from the evidence, the Commonwealth insisted that the question of suspension was a matter solely for the Secretary of Revenue.

Because the power of the court was the subject of an appeal then pending before the Supreme Court, we were reluctant then to enter a final order in the instant appeal. Subsequently the Supreme Court decided the point against the contention of the Commonwealth.

In the meantime one of the Commonwealth's witnesses was inducted into military service.

At an adjourned hearing it appeared that appellant had customarily operated four motor trucks in pursuance of his business and that his one remaining operator had been summoned for military service. Appellant testified that it was impossible to obtain other operators.

The operation by defendant which is the basis of the complaint was over a subordinate road. The arresting officer gave a terse description of the operation, stating:

"I followed him, and on a straight stretch I timed him and checked him with the Commonwealth car, which was a black sedan, a Chevrolet, with equipment 004-3-992, for a distance of a quarter of a mile, and I found he had maintained a speed of 60 miles per hour."

We are not clear that the alleged excessive speed was maintained for any greater distance.

The statute requires timing only "for a distance of not less than one quarter ($\frac{1}{4}$) mile", nevertheless, the suspending authority could act with more confidence if the testimony concerning the operation was more comprehensive.

Something may be said in support of appellant's contention that there was inadequate proof that the speedometer of the timing motor vehicle had been tested for accuracy within the prescribed period, nevertheless, in view of the conclusion reached with respect to this appeal, we find it unnecessary to discuss that point.

In our opinion, the imposition of the authorized fine is not effective to repress operation of motor vehicles at an excessive rate of speed; however, every case of excessive speed does not, independent of circumstances, warrant the drastic penalty of suspension.

The Commonwealth's testimony, at most, establishes that appellant operated his vehicle at an excessive speed for a distance of one-quarter mile. The proposed pen-

alty would prohibit appellant from personally operating a motor truck, and the unavailability of other operators—a situation which has become acute since the order of suspension—would virtually prevent appellant from conducting his business, in which he has a substantial investment.

In these circumstances, we are constrained to reverse the order of suspension.

### Order

And now, May 15, 1945, after hearing, it is ordered, adjudged, and decreed that the order of the Secretary of Revenue suspending the license of James Maselli to operate a motor vehicle be reversed.